UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
             :
DALIA ELIAS,          :
             :
          Plaintiff,       :     25-CV-00068 (JAV) (VF)
             :
    -v-             :     <u>MEMORANDUM</u>
             :     <u>OPINION AND ORDER</u>
COLGATE-PALMOLIVE CO.,    :
             :
          Defendant.      :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Defendant Colgate-Palmolive Company ("Defendant") seeks to dismiss this product liability action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the Complaint fails to allege the nature of the defective product.

For the reasons discussed below, Defendant's motion to dismiss is **DENIED**.

## BACKGROUND

Plaintiff Dalia Elias ("Plaintiff") is a resident and citizen of Texas. ECF No. 25 ("Am. Compl."), ¶ 14. Plaintiff alleges that she purchased Fabuloso Multi-Purpose Cleaner, Refreshing Lemon Scent, UPC 035000973542, which she used to clean her home, particularly her bathroom. *Id.*, ¶¶ 2-3, 29. In or around September 2022, Plaintiff underwent Charcot foot surgery and had an external fixator placed on her left foot. *Id.*, ¶ 4. In or around January 2023, Plaintiff began to experience pain, redness, and swelling in her left foot. *Id.*, ¶ 5. On January 31, 2025, Plaintiff presented to the hospital where they determined that she had a wound infection in

her left foot, as well as avascular necrosis. *Id.* On February 3, 2023, she had surgery to remove the fixator, along with an irrigation and debridement procedure. *Id.*, ¶ 6. Cultures taken of her wound came back positive for *pseudomonas* on February 6, 2023. *Id.*

Defendant manufactures, markets, distributes, and sells a wide variety of household consumer products, including Fabuloso Multi-Purpose Cleaner. *Id.*, ¶ 16. On or about February 8, 2023, Colgate recalled more than 4.9 million Fabuloso Multi-Purpose Cleaners due to contamination with *pseudomonas* species bacteria. *Id.*, ¶ 24. The recall notice warned that bacteria from the contaminated products can enter the consumer's body "if inhaled, through the eyes, or through a break in the skin." *Id.*, ¶¶ 8, 25. The contamination allegedly occurred as a result of a failure to add sufficient preservative during the manufacturing process, which allowed bacteria growth to occur. *Id.*, ¶ 26.

Plaintiff alleges that the Fabuloso Multi-purpose Cleaner she purchased was contaminated with *pseudomonas* bacteria. *Id.*, ¶¶ 1, 28-30. Plaintiff claims that she became ill as a result of her exposure to *pseudomonas* through the use of the Fabuloso Multi-purpose Cleaner. *Id.*, ¶ 31. She now brings defective product claims under both a negligence and strict liability theory. *Id.*, ¶¶ 34-46.[1]

---

[1] Plaintiff has misnumbered the end of her Amended Complaint as there are 47 paragraphs in the Amended Complaint.

2

## LEGAL STANDARDS

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025). The court, however, does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (quotation marks omitted) (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## DISCUSSION

"Under New York law, it is well-established that the situs of a product liability tort for choice-of-law purposes is the place of the injury, rather than the location where the allegedly defective product was manufactured." *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 426 (S.D.N.Y. 2013) (citation omitted) (cleaned up). Accordingly, Texas law applies. Under Texas law, a manufacturer of

an unreasonably dangerous product is strictly liable for injuries caused by such product. *Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851, 857-58 (Tex. App. 2007) (citations omitted). "The plaintiff must prove the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Id.* at 858. "A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (citations omitted). "A plaintiff is not required to show by direct proof how the product became defective or to identify a specific engineering or structural defect." *Shaun T. Mian Corp.*, 237 S.W.3d at 858.

Defendant argues that the Complaint fails to state a claim because "Plaintiff does not allege any nonconclusory facts identifying the Fabuloso products she purchased and used, how those products were defective, or how they proximately caused her injury." ECF No. 28 ("Def. Br.") at 5. That is plainly not the case. Plaintiff alleges that she used Fabuloso Multi-Purpose Cleaner, Lemon Scent, that the product was defective because it was contaminated with *pseudomonas* bacteria, and that she thereafter contracted a *pseudomonas* bacterial infection from her use of the contaminated product. She has therefore adequately plead facts stating a claim for relief that is plausible on its face.

Defendant is correct that the Complaint does not specifically allege that she bought one of the lots of Fabuloso Multi-Purpose Cleaner that was subject to the

4

recall, nor does the Complaint allege where and when the product was purchased. Def. Br. at 6.  But none of the cases cited by Defendant stand for the proposition that a plaintiff must provide such details at the pleading stage.  For example, Defendant cites a summary order, *id.* at 4, in which the Second Circuit affirmed the dismissal of a complaint that failed to indicate how a hip replacement was defective. *Rodman v. Stryker Sales Corp.*, 604 F. App'x 81, 82 (2d Cir. 2015).  Defendant also relies upon *Oden v. Bos. Sci. Corp.*, Def. Br. at 4, which dismissed a manufacturing defect claim that described the purported defect as "a condition or conditions, which Defendant did not intend."  330 F. Supp. 3d 877, 890 (E.D.N.Y. 2018).  In contrast, the Complaint at issue here alleges that the Fabuloso Multi-Purpose Cleaner was defective because it was contaminated with *pseudomonas* bacteria.

In *Tuosto v. Philip Morris USA Inc.*, the court held that a defective design claim had been inadequately plead where the plaintiff failed to identify the brand of cigarette at issue.  672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009).  Similarly, in *Ford v. Performance Aircraft Servs., Inc.*, the plaintiff alleged generally that he had been injured by chemicals used to clean airplane parts in the hanger where he worked, but did not specify which products had caused his injury, or the manufacturers of the allegedly defective products.  178 S.W.3d 330, 336 (Tex. App. 2005).  Here, Plaintiff has identified the brand and the specific product, including the manufacturer.

## CONCLUSION

Accordingly, Defendant's motion to dismiss the Complaint is **DENIED**. The Clerk of Court is directed to terminate ECF No. 27.

SO ORDERED.

Dated: October 22, 2025
      New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge